Call our next case, St-Jean v. Palisades Interstate Park. Call our next case, St-Jean v. Palisades Interstate Park. Are you ready, Ms. Longa? Yes, good morning, Your Honors. May it please the Court, Deputy Attorney General Justine Longa from the New Jersey Office of the Attorney General arguing today on behalf of the appellants Michael Holland, Fabrizio M. Salazar, Peter Wojcik, and Richard Day. Do you mind starting with the basis for our appellate jurisdiction? And do you want time for rebuttal? Thank you, yes. I would like two minutes, please. This court possesses jurisdiction to hear this appeal because the appeal centers on the court's denial of qualified immunity on the basis that, or rather by disregarding whether there was clearly established law, which put on notice that the defendant's conduct was unconstitutional. Does the filing of the amended complaint and the motion to dismiss that complaint affect the analysis? Our position is that it does not affect the analysis. We take the position that the filing of the amended pleading does not move this appeal. This court retains jurisdiction. In cases where the court has declined to consider an appeal once an amended complaint has been filed, it's been on the basis because the amended pleading presented different set of facts. That was arguably the case in two unreported New York cases, Second Circuit cases that you pointed to, but there's law coming out of other circuits. Is there not a case out of the Ninth Circuit very recently, the Falk, Northern California case, and another case from, I think it's the Seventh Circuit, where the courts have just said, look, it's a legal nullity. Once you file that amended complaint, the original complaint is a nullity, and we don't, it speaks in terms of mootness, but in effect it says there's not a basis for us to exercise jurisdiction because we can't give you any meaningful relief with respect to the original complaint at which your qualified immunity motion was directed. What's wrong with the reasoning of those cases? Respectfully, Your Honor, I don't know that those cases were presented in either briefs, but to the extent that your court is asking, I would surmise that this court can still render relief here, and that's because the factual claims against the defendants, as well as the legal claims against the defendants, remain the same in the amended pleading as they were in the complaint that was before the court when it issued the decision that is before Your Honors today. They're the same, this appeal involves the same operative facts that were alleged in the original pleading, and all of the relevant facts that we need to undertake the qualified immunity analysis are the same. So it seems to me that at one level the tension in this case is between principle, right, that the amended completing, the amended complaint erases, renders a nullity, the original complaint, versus pragmatism, which says, well, they're really the same in all relevant respects, so go ahead and consider it. But because it's basically the same. And look, principle and pragmatism, they're always going to be in tension. But the thing I'd like to direct you to might not be so much mootness, but the notion that we're here on an interlocutory, it's not technically an interlocutory appeal, but we're here under the collateral order doctrine, which treats this denial of qualified immunity as a final order. But in order to qualify for the collateral order doctrine, there's three things that have to happen. There must be a conclusive determination of the disputed question. It must resolve an issue important but completely separate to the merits of the action. And the third one is it would be effectively unreviewable on appeal from a final judgment. And so I guess I'm wondering why is it that we need to why is there this collateral order doctrine distinction when what really is going to matter is the amended complaint and that you'll have a chance to get review of that amended complaint based on a qualified immunity motion with respect to the amended complaint. And if you're going to get a chance there, then the third prong of effective unreviewability doesn't seem to be met. And so even before we get to mootness, we get to the fact that we don't have initial appellate jurisdiction. Why is this still a collateral order doctrine issue when the amended complaint is filed before the appeal is filed? Well, the issue of or the question of whether there is clearly established law is a legal issue, as your owner recognizes that is immediately appealable. The concern with going forward with hearing the motion to dismiss this amended pleading is the likelihood that either a plaintiff or the court may lie on the law of the case doctrine to reject any claims of qualified immunity that are raised by the defendants since the claims and the facts that underpin those claims are so substantially similar to those that were pled in the original pleading. And that if the court or plaintiff were to argue that we could not raise those claims or those claims are already decided by the court in denying qualified immunity, that the defendants would effectively be deprived of the opportunity to seek review. I think we addressed that very issue in Starnes against Butler County and said they're not foreclosed. They have a second bite at the apple. OK, there's it. Do you have any authority for your concern? The law of the case would foreclose you from making those arguments at an appropriate time focused on the operative pleading. I don't perform today, your honor. But the concern was that the defendants would be precluded from seeking relief on that legal issue to which it is entitled to seek review on as the court has already denied qualified immunity. How would the rule you're suggesting operate? How similar would it have to be for us to say, no, it's not a nullity. It's OK for us to look back and we'll deal with that original complaint because it's close enough. Would that put us in a position where we on every case by case basis, we'd have to be saying close enough, not close enough? I think you would have to look at the pleading and here they are so substantially similar. And you don't say they're exactly the same, right? Because there's additional again, paragraphs 47 through 50 of the Mennon complaint. There's a whole lot more information about the little heart candies and what they say, what they look like, appearance, phraseology, things like that. That arguably put more definition on and candidly make the assumption by the officers that Valentine's little chalk candy hearts were really ecstasy drugs look more insubstantial. Let's put it that way as a legitimate concern. That's all in the amended complaint, right? The amended complaint does contain, I would call them additional details about the facts, but the operative facts remain the same. The operative facts leading to. Well, these are operative facts, right? Because we're talking about probable cause. The question is, would any reasonable officer pulling over Mr. St. John and discovering him in possession of Valentine's candy, a little love you, bye bye, you are cute hearts, look at that and say, arrest that man. That's drugs, right? That's the question. That is the question. Is that constituting probable cause? And in this case, there's more data, more information in the amended complaint for somebody to look at and say, I wonder if any reasonable officer would do that. Doesn't that shift it so much that you can't really say, oh, the operative facts are all the same. They all look just the same in the original complaint as in the amended complaint. I would respectfully disagree. The operative facts remain that plaintiff was found in possession of tablets. That's how they're described initially, tablets. They're not described that way, right? You want to describe them the way the officers want to describe them. We're here on Qualified Immunity, and we're looking at the complaint, the allegations of the complaint, which we have to accept is true, right? We have to accept them. And what the complaint says is, in the center console of my car, I still had some Valentine candies two or three months after somebody gave them to me. And I got arrested for that because the Palisades Parkway Police Force thought your cute hearts constituted MDMA ecstasy. That's what we're faced with in the complaint. That's the basis on which the probable cause determination was made, allegedly, in the complaint. Now, on that basis, and since there's more facts about that in the amended complaint than in the original complaint, even on the Second Circuit paradigm, which you assert they have based on two unreported cases, even if we accept that that's their paradigm and we chose to follow it, wouldn't we say, not similar, not similar enough? There's more information here, no jurisdiction, because it's different than what the original complaint said. We would take the position, Your Honors, that the facts as they relate to probable cause and the facts as they relate to whether or not defendants were entitled to qualified immunity remain substantially similar. And even accepting those factual allegations, neither the district court nor plaintiff could point to a case that clearly established that the defendants would not have probable cause to make an arrest for possession of a CDC in that context. Do Orsatti and Kelly v. Borough of Carlisle both and other cases say, it is clearly established that you may not arrest somebody in the absence of probable cause? Okay, so your legal position is, in order for this to be clearly established, there had to have been some other case where a police officer arrested somebody for having little chalk candy hearts. And on that basis, everybody knew you couldn't do that. And short of that, it's not clearly established. Is that the position being taken by the officers here? The precedent is that clearly established means nothing less than either controlling authority from the Supreme Court or a robust consensus of authority from the Court of Appeals. But I think Judge Jordan's question went to the level of detail needed in the controlling authority or the robust consensus. At one level, you know, there's probably a Supreme Court case where you can't violate the Fourth Amendment, right? That's probably too general. There's another one that there's others that he identified that says you need probable cause. And then I think what his question went to, at least what it piqued in my mind, was, do you need something more? You need something that says, and, you know, confusion over the packaging of drugs, you know, is sufficient for probable cause or is insufficient for probable cause. The question is kind of what degree of generality do we need the controlling case law to have? Because if it's very general, then it is clearly established. But if it gets down to Valentine's Day hearts and the center council, then probably it isn't clearly established. And so the question is kind of, you know, how big is that door? You know, what is the level of generality here? And it matters a lot in terms of what do you think a case would have to say in order to be clearly established? Would it be Valentine's Day hearts and the center council, or would it be no arrest without probable cause, no stop without probable cause? I would think that it needs to at least resemble the facts that were or the circumstances that were confronted in the particular case and issue when viewed in the totality of the circumstances. So we know that the court has said we can't like that an arrest without probable cause violates the Fourth Amendment. That that's of little help in the qualified immunity analysis. The court has also said that we shouldn't define it at a high level of generality. The position here is that it needs to be tailored to the facts that are pleaded and the facts that confronted the officers when the arrestor made or was made rather. OK. Judge Phipps, anything else? All right. Thanks, Ms. Long. We'll have you back for your two minutes. We'll hear from this. May it please the court. My name is Dara Goodman. I'm here for the Russell Friedman Law Group on behalf of plaintiff Appellee Fernando St. John. As the court has acknowledged, there are several. Actually, we would assert three sort of threshold issues that would prevent the court from hearing and deciding the instant appeal. First, we have a jurisdictional issue with respect to Section 1291, as this is not a final decision by the district court within the meaning of that statute. Just to summarize, before we get into each separate ground, start with the pellet. Let me just sort of cut to the chase and ask. Do you agree that the police officers could appeal the denial of qualified immunity on the amended complaint, either on the merits or because of law of the case, that they could still appeal? I think that would depend on whether, as in this case, the determination was based on an absence of fact or an insufficiency of facts, insufficiency of evidence or based on a question of law. In this case, the district court determined that qualified immunity could not be found at this stage because there weren't sufficient facts exchange discovery, not sufficient evidence as of yet to make such a determination. Isn't the whole point of qualified immunity is that you don't do discovery? It depends, again, on that. I understand that that's sort of the end goal if that's determinable at this stage. But if its termination cannot be made because the facts are not sufficient to for the courts to find that, then and if it's an insubstantial question for the court has been found in some of the cases that found the opposite, then we would assert that additional additional information is needed. Well, you're not you're not arguing that as long as clients would be barred by the law of the case, if we declined to exercise appellate jurisdiction, would you? No, I'm sorry if I was unclear about that. That was a question. Sorry. It certainly can be reasserted. The case law is clear. Now, why don't you go straight to appellate jurisdiction and whether we have it or not, based on the argument that the officers have made here, which is the amended complaint is close enough to the original. We ought to just go ahead and decide their qualified immunity application. So with respect to that argument, as the court has acknowledged, there are some additional facts put in the complaint, both with respect to the candy hearts in question and there are additional notes regarding the tinted windows argument as well. The reason a sensible reason for the stop. But with respect to how that determination is made in general, I would argue we would argue that it can't be a such a specific case, a case specific fact based determination that if by operation of law, the original complaint is rendered a nullity or rendered inoperable for the purposes of an appeal, that that has to be the rule, barring literally an identical, maybe barring literally identical pleading. And in this case, it's been established. That's not the circumstances of the amended complaint. And as don't, as noted, that doesn't foreclose the rights of the defendants because they can reassert their objection. They can reappeal. Do we need to go to the obvious clarity kind of cases that the district court used as the basis for decision here in order to decide whether. Probable cause, whether we whether in this instance it was clearly established that there was no probable cause for the arrest of Mr. St. John or is there. Is without without resort to obvious clarity cases, is there sufficient law on the books at a sufficient level of concreteness on the ladder of abstraction to decide this case without talk about obvious clarity? We would argue that there is. That is an alternative test. But even given the standard test that the right violated was clearly established, the case law that we've cited and the case law on mistaken sort of mistaken identity with respect to Kansi for narcotics for controlled dangerous substance do support the do support our position in this case. What's your what's your best authority on that? So we say to Brian B. Patrick, which is a mistaken, the same sort of mistaken identity issue with Halloween candy. The defendants attempt to distinguish that case by saying that in that case, the police, there were two different factors that the police there were in this sort of unrelated neutral bystanders there that were speaking up and saying that these were in fact Halloween candies and not drugs. Sorry. Yeah, Halloween candy. And second, that the police officer in that case sent a picture to a an officer, I believe, specialized in narcotics who responded and said, that doesn't look like any ecstasy or controlled substance that I'm familiar with. So they try to distinguish it at that stage. When we talk about the probable cause analysis, they try to use that as sort of a sword and a shield, because when it comes to the probable cause analysis and the officers obligation to investigate that, they say we didn't have to do an exhaustive investigation, which, of course, we agree, perhaps not exhaustive, but they made no effort to either have this reviewed by somebody with the facts that we know today. No effort to have that reviewed by somebody who could attest to whether it does in fact look like ecstasy or MDMA that has been found in the area or at all. And, excuse me, and the arrestee in this case also offered what is the equivalent of a neutral bystander by saying that the officer, he would give the phone number for the person who provided him with this candy on Valentine's Day. So if the officer chooses not to take advantage of those things, then they may argue that it's part of an exhaustive effort, they didn't have to do that, but then to try to distinguish the other case on the same grounds is sort of, I would argue, disingenuous. Is Orsatti too high on the level of abstraction? In other words, we said in Orsatti and we said in the Kelly case, you can't arrest somebody without probable cause. But isn't that just like saying you can't violate the Fourth Amendment? It's just not specific enough. I believe there's some middle ground between merely, as Your Honor is saying, and the specificity urged by the defendants in this case. Aside from Brian D. Patrick, there are other cases where sort of neutral or non-narcotic substances were mistaken for controlled dangerous substances. But the facts in those cases included other factors, such as an obvious attempt by the arrestee to block the officer's view or conceal those items, or a strange smell, or a very obvious appearance that looked like well-known narcotics. A white powdery substance, a blue crystallized substance, a leafy green substance that looked like marijuana. In this case, there's just sort of no connection between those items and the, as Your Honor put it, the chalky sort of candy hearts that the officers found in this case. They also did no field testing whatsoever, even accepting sort of the specific testing that might require an actual test kit or anything like that. There's no evidence at this stage, again, as the district court says, there's no evidence at this stage that they even sort of felt it, you know, attempted to feel it, even inside the bags. Even trying to protect themselves from any kind of exposure, there's just no information about that at this point. Which is why we argue that it's premature, not just moot, not just a jurisdictional issue, but also premature to determine qualified immunity at this stage. You've been ready to talk about why this is not a final decision of the district court, independent of the current jurisdiction issue that we've been talking about. There's another jurisdictional point. You want to take a moment to tell us why it's not a sufficiently final order? Thank you. We would argue that this is a question of fact or a question of the sufficiency of the evidence, which is distinguishable from a determination on a question of law. And the case law establishes that in that case, it's not considered a final determination that should be reviewed by an appellate court at this level. With respect to the collateral order doctrine that's already sort of been discussed, but that was going to be my points, you know, sort of to highlight that it's not a conclusive determination. It's not completely separate from the merits, since probable cause does, in fact, is a factor in both the qualified immunity determination and the actual underlying violations. And they have another bite if they lose again. And they have another bite at the apple if they lose again. So it's not unreviewable. So for those reasons, we would assert that the court doesn't even reach the merits. However, should you reach the merits, we have arguments with respect to there being insufficient information to establish probable cause and that this is, in fact, a clearly established right. Even if the court doesn't apply the obvious clarity doctrine. OK. Judge Gibbs. No, nothing. Thank you. Thanks very much. Sure. Just briefly, your honor, I would like to reiterate that. Clearly established law must be either controlling authority from the Supreme Court or a robust consensus of cases of persuasive authority from the court of appeals. True. But that does not answer the question about how specific it has to be. That is the question that's being asked. So. Put it to you again. Do you think there had to be a case involving Valentine's hearts in order for this to be clearly established? Or is there something less than that, something more abstract than that, not as perfectly analogous that could satisfy the clearly established problem? I don't know that it would need to be as specific as Valentine's Day candy, but it is. I would think that it needs to be a case where a commonplace item is disguised to be a controlled, dangerous substance. Well, let me ask it to you this way, Miss Longa. We have to operate off the complaint. Is there anything in the complaint at all that indicates in any way that ecstasy has ever been disguised as Valentine's hearts? Not from the complaint, but I would urge that the court can take judicial notice of the fact that everyday items are oftentimes disguised as controlled, dangerous substances. If that's the analysis you want us to apply, then everybody's subject to arrest at any time because we all carry everyday items. I mean, there has to be some basis, some basis for a reasonable officer. I mean, probable cause is defined as would a reasonable person in these circumstances believe that person committed the criminal offense that is alleged to be the basis for the arrest? What rational, like just even take it out of a reasonable basis. Go to rat, what reasonable person finding somebody with Valentine's candy will think drugs, those are, that, you are cute heart, that's an illegal substance. Where is the basis for saying, well, a reasonable officer in these circumstances would think there's criminal activity afoot. Take that person into custody. Probable cause is to be looked at in the totality of the circumstances, and there are other allegations in the complaint that would lead to a finding of probable cause. He was nervous. That was one of them, right? Correct. Of course, he was nervous because by that time, three cop cars had showed up. Three cop cars had showed up because he had Valentine's candy. Was there anything else that would prompt one to say probable cause to believe that there was a basis for an arrest for drugs? The other facts alleged in the complaint were that the plaintiff was driving below the speed limit, which does raise reasonable suspicion and drugs. No, not of drugs, but to make the stop. And then there's also the issue of the tinted windows and coupled with the fact that the defendant or plaintiff, I apologize, was acting nervously, shaking before the officers even located the items that were suspected to be controlled, dangerous substances. OK, let me ask. Let's say there's a case where the facts were that there was a nervous young man with two bags who paid cash for an airline ticket to what was a known target city for drugs. And those facts led the police to look more, and they found that the ticket had been bought under an assumed name. So a court makes a probable cause finding won't tell you whether they said there was or was not probable cause. But is that the sort of level of factual specificity that would carry over to a case like ours, even though it didn't involve candy? I would I would say so, yes, your honor. OK. And OK. Unless you judge tips anything. No, thank you. All right. Thank you for your argument as long as good men. We've got the matter under advisement. Back to you.